IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ADELA DELORES GREEN | : | CIVIL ACTION |
| v. | : | |
| ANDREW SAUL, Commissioner of Social Security | : | NO. 19-4524 |

## MEMORANDUM AND ORDER

ELIZABETH T. HEY, U.S.M.J.                                  February 25, 2020

Adela Delores Green ("Plaintiff") seeks review of the Commissioner's decision denying her claim for disability insurance benefits ("DIB"), claiming that the Administrative Law Judge ("ALJ") failed to properly evaluate the medial opinion evidence in the record, specifically noting deficiencies in the ALJ's consideration of the opinion of Plaintiff's treating psychiatrist. Doc. 10 at 3-15. The Commissioner has responded with an uncontested motion for remand, requesting remand to allow further evaluation of Plaintiff's claim, including a new administrative hearing. Doc. 11.[1]

After reviewing the Plaintiff's brief, Defendant's motion, and the administrative record, I will grant Defendant's unopposed motion for remand. The record evidences a history of carpal tunnel syndrome of the right hand, degenerative joint disease of the knees and lumbosacral spine, and fibromyalgia. Tr. at 533-36. In addition, in May 2016, Plaintiff began treatment for depression, anxiety, and anger. Id. at 563-71. The claims in

---

[1]The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). See Standing Order, In RE: Direct Assignment of Social Security Appeal Cases to Magistrate Judges (Pilot Program) (E.D. Pa. Sept. 4, 2018); Doc. 4.

Plaintiff's brief focus on the ALJ's consideration of the opinions expressed by Abena Apraku, M.D., Plaintiff's treating psychiatrist, who indicated that Plaintiff's could maintain concentration for less than thirty minutes, and her mental health impairments would cause her to be off task fifteen percent of the workday and would likely cause her to be absent three days a month.  Id. at 615-16.[2]   Despite giving Dr. Apraku's opinion significant weight, the ALJ did not include Plaintiff's expected absenteeism or being off task for fifteen percent of the workday in the residual functional capacity assessment; nor did the ALJ explain his reasons for not including these limitations.  Id. at 16-17, 22. Under these circumstances, I will grant the Defendant's unopposed motion for remand.

      An appropriate Order and Judgment Order follow.

---

[2]The ALJ gave little weight to the source statement of Plaintiff's primary care physician, who opined that Plaintiff's physical impairments would cause her to be off task more than twenty-five percent of the workday.  Tr. at 21-22, 533.